Frank C. Gilmore, Esq. (SBN 10052)
fgilmore@rbsllaw.com
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, Nevada 89503
Telephone: (775) 329-3151

David B. Shemano, Esq. (admitted *pro hac vice*)
DShemano@RobinsKaplan.com
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA  90067
Telephone: (310) 552-0130

Attorneys for Paul A. Morabito and Consolidated Nevada Corporation

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CONSOLIDATED NEVADA CORPORATION, a Nevada corporation,<br><br>Debtor. | Case No.  BK-N-13-51236<br><br>Chapter 7<br><br>**SUPPLEMENTAL BRIEF REGARDING MOTION TO PROSECUTE CLAIMS ON BEHALF OF THE ESTATE OR, IN THE ALTERNATIVE, COMPEL ABANDONMENT OF CLAIMS**<br><br>Date:      February 8, 2017<br>Time:     2:00 p.m. |

Paul A. Morabito (the "Debtor" or "Morabito") and Consolidated Nevada Corporation ("CNC," and together with the Debtor, the "Debtors"), hereby submit their supplemental brief in support of their motion to prosecute certain fraud and fraudulent transfer claims (the "Fraud Claims") on behalf of their estates against JH, Inc., Jerry Herbst, and Berry-Hinckley Industries, or, in the alternative, compel abandonment of the claims (the "Motion").

61332458.1

# I.

# SUMMARY

The Court has requested supplemental briefing concerning how the concept of abandonment intersects with the Court's initial conclusion that the Debtors should not be authorized to prosecute the Fraud Claims because there is insufficient evidence that prosecution of the Fraud Claim will benefit the estates. The Debtors suggest that the Court's conceptual discomfort is a product of trying to fit a square peg into a round hole.

The case law cited by the Herbsts and initially relied upon by the Court in analyzing a motion for authority to prosecute claims are uniformly *corporate* chapter 11 cases. For all practical purposes, abandonment has no relevance in corporate chapter 11 cases and plays no part in the analysis of whether an interested party should be permitted to prosecute a claim on behalf of a corporate chapter 11 debtor. This case, however, is an *individual* chapter 7 case, and abandonment is very relevant in individual chapter 7 cases. Unlike in a corporate chapter 11 case, if the Fraud Claims are not prosecuted by the Trustee, the Fraud Claims will have to be abandoned to the Debtors sooner or later. Once that distinction is taken into consideration, the analysis becomes straightforward, relief must be granted in some fashion, and the Court should exercise its discretion to permit the Debtors to prosecute the Fraud Claims on behalf of the estates as opposed to solely on behalf of the Debtors.

# II.

# THE CHAPTER 7 TRUSTEE IN AN INDIVIDUAL CASE MUST EITHER ADMINISTER OR ABANDON ALL PROPERTY OF THE ESTATE

The Debtor's case is an individual chapter 7 case in which a trustee is appointed. In an individual chapter 7 case, there is a clear demarcation between the assets of the debtor and the assets of the debtor's estate. *See, e.g.,* 11 U.S.C. §§ 522, 541.

A chapter 7 trustee is obligated to administer the property of the estate: "The trustee's paramount and primary duty is set forth in § 704(a)(1) which provides: 'the trustee shall (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.'" *Piatt v.*

*Solomon (In re Piatt)*, 2008 Bankr. LEXIS 4746 *13 (B.A.P. 9th Cir. May 29, 2008).

If reduction of an asset to money is not in the best interests of the estate, the Bankruptcy Code provides for abandonment of the asset to the debtor. *Id*. *14 ("[T]he policy behind § 554 is to assist the trustee in complying with his statutory duty under § 704(a)(1).").

By definition, therefore, a chapter 7 trustee in an individual case must either (1) reduce to cash, or (2) abandon to the debtor, each asset that is property of the bankruptcy estate. This logical axiom follows from section 350 of the Bankruptcy Code, which provides that a case should be closed after an estate "is fully administered," and section 554(c) of the Bankruptcy Code, which provides that any property scheduled as property of the estate "not otherwise administered at the time of the closing of the case is abandoned to the debtor." Consequently, "[t]he trustee must decide which assets are to be administered and which will be abandoned." 3-350 *Collier on Bankruptcy* P 350.02[1] (16th 2017).

Structurally, section 554(b) of the Bankruptcy Code is a remedy for a debtor in a chapter 7 case.[1] If an asset has not been administered by the trustee within a reasonable amount of time, and there is no good reason to wait until the closing of the case for the asset to be abandoned to the debtor, the debtor has the right to request that the bankruptcy court order abandonment to the debtor prior to the closing of the case. In determining whether to grant a motion to compel abandonment pursuant to section 554(b), "the bankruptcy court must find either that (1) the property is burdensome to the estate or (2) of inconsequential value and inconsequential benefit to the estate." *Vu v. Kendall (In re Vu)*, 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000).

Pertinently, if it is evident that the trustee has made the decision not to administer the asset, the bankruptcy court ***must*** grant relief to the debtor, because the Bankruptcy Code does not permit a chapter 7 trustee to retain control over an asset that the trustee does not intend to

---

[1] While relief under section 554(b) is not explicitly limited to the debtor, there is no legitimate reason any interested party other than the debtor would seek relief under section 554(b). While secured parties occasionally file a motion pursuant to section 554(b) as a substitute for a motion for relief from stay, such motions are procedurally incorrect and not effective. *See generally*, 5-554 Collier on Bankruptcy P 554.02[4] (16th 2017) ("A request for abandonment should not be considered a substitute for a motion for relief from the automatic stay.").

administer. In the words of *Collier*, "while the trustee must be accorded a reasonable period for investigation, when other parties seek a decision about abandonment, there comes a time, as one court put it, to 'fish or cut bait.'" 5-554 *Collier on Bankruptcy* P 554.02[2] (16th 2017), *citing In re Ira Haupt & Co.*, 398 F.2d 607 (2d Cir. 1968) ("While the trustee must be accorded a reasonable period for investigation, there comes a time when he must fish or cut bait. It would be wholly contrary to the policy of the Bankruptcy Act to permit a trustee to assert his title to an asset against the bankrupt under § 70a, do nothing to realize on it, yet forever prevent the bankrupt from doing so.").

## III.

## ABANDONMENT HAS LITTLE RELEVANCE IN CORPORATE CHAPTER 11 CASES

Unlike an individual debtor, there is no distinction between the assets of a corporate debtor and the assets of the corporate debtor's estate. Furthermore, for all practical purposes there is no distinction between the corporation and the estate, especially if the corporation is a debtor in possession in a chapter 11 case. If the corporation's estate is administered by a trustee, the corporation has an abstract legal independence,[2] but in almost all such cases the corporation is defunct and will be dissolved or become inactive after the case is closed.

While a trustee in an individual chapter 7 case has a binary duty – administer or abandon – that is not true for a chapter 11 trustee (including a debtor in possession). Section 1106(a) of the Bankruptcy Code defines the duties of a trustee in a chapter 11 case. Pertinently, section 704(a)(1) – the duty to administer assets by reducing the assets to cash – is not a duty in chapter 11 cases. The duty is excluded because presumptively the debtor is attempting to reorganize as a going concern and seeks to preserve and not liquidate its assets.

Because of the fundamental differences between chapter 7 and chapter 11, section 350 of the Bankruptcy Code functions differently in each chapter. As set forth above, in a chapter 7 case, section 350 contemplates that any asset not reduced to cash by the trustee will be abandoned

---

[2] For example, the corporation retains the rights to file a plan and motion to convert the case to a different chapter.

61332458.1                                                 - 4 -

to the debtor. Comparatively, in a chapter 11 case, where the closing of the case occurs after confirmation of a plan, all property of the estate revests in the debtor. 11 U.S.C. § 1141(b). The concept of abandonment simply has no relevance.

For these reasons, abandonment pursuant to section 554(b) has no relevance in corporate chapter 11 cases. It is conceptually impossible for assets to be contemporaneously abandoned by and to the chapter 11 debtor.

## IV.

### THE SCOPE OF REMEDIES IF AN INTERESTED PARTY BELIEVES THE TRUSTEE IS NOT ADMINISTERING AN ASSET THAT SHOULD BE ADMINISTERED

It is not uncommon for an interested party to disagree with a trustee's administration of a cause of action that is property of the estate. The Bankruptcy Code provides a variety of rights and remedies in the event of such disagreement, which rights and remedies vary depending on the chapter of the case and the interested party.

In a corporate chapter 11 case, the complaining interested party will always be a creditor, creditors' committee, or equity holder. The complaining party's remedies include (1) a motion to convert the case or appoint a trustee, and (2) motion for authority to prosecute the claim on behalf of the estate. For the reasons set forth above, abandonment has no relevance to the analysis.

In a chapter 7 case, the complaining interested party can be either a creditor or the debtor. If a creditor, the creditor could seek to replace the trustee, but that is a drastic remedy. More realistically, the creditor will request authority to prosecute the claim on behalf of the estate.

If the complaining interested party is the debtor, the debtor will have the additional remedy of seeking abandonment pursuant to section 554(b) of the Bankruptcy Code. *See, e.g., In re Christian,* 2012 Bankr. LEXIS 4769 (Bankr. D. Idaho Oct. 10, 2012); *Toledano v. Kittay (In re Toledano)*, 299 B.R. 284 (Bankr. S.D.N.Y. 2003). For the reasons set forth above, the abandonment remedy only has practical relevance in an individual chapter 7 case.

///
///
///

# V.

## THE COURT INCORRECTLY RELIED UPON CORPORATE CHAPTER 11 CASES IN ANALYZING THE ISSUES

In the Motion, the Debtors identified the Fraud Claims against the Herbsts and requested authority to prosecute the Fraud Claims on behalf of the estates to the extent the Fraud Claims are property of the estate or, in the alternative, compel abandonment.

At the hearing on the Motion, the Court concluded, citing the standard set forth in *In re Yellowstone Mt. Club, LLC,* 2009 Bankr. LEXIS 4443 (Bankr. D. Mont. Jan. 16, 2009), that the Debtors should not be permitted to prosecute the Fraud Claims on behalf of the estates because of insufficient evidence of a colorable claim that would benefit the estates.

Pertinently, *Yellowstone* and the other cases cited by the Herbsts are all corporate chapter 11 cases. *See, e.g., Canadian Pac. Forest Prods. v. J.D. Irving, Ltd. (In re Gibson Group)*, 66 F.3d 1436 (6th Cir. 1995) (motion by a creditor); *Unsecured Creditors Committee of Debtor STN Enterprises v. Noyes (In re STN Enterprises),* 779 F.2d 901 (2nd Cir. 1985) (motion by creditors' committee); *In re Yellowstone Mt. Club, LLC,* 2009 Bankr. LEXIS 4443 (Bankr. D. Mont. Jan. 16, 2009) (motion by creditors' committee); *In re Valley Park*, 217 B.R. 864 (Bankr. D. Mont. 1998) (motion by creditors' committee).

Because the cited cases are corporate chapter 11 cases, the only issue before the bankruptcy court in those cases was whether the chapter 11 debtor's decision not to prosecute a claim was reasonable, which in turn required an analysis of, among other factors, whether the claim was colorable. For the reasons set forth above, the concept of abandonment was irrelevant in each of the cases.

The Debtor's case is an individual chapter 7 case, so abandonment is very relevant. If the Court concludes that the Debtors should not be permitted to prosecute the Fraud Claims because there is insufficient evidence that prosecution will result in any benefit to the estates, then, ***by definition***, the Court will have found that the Fraud Claims meet the standard for abandonment under section 554(b) – "of inconsequential value and inconsequential benefit to the estate."

Furthermore, the Trustee very explicitly "cut bait" with respect to the Fraud Claims. Once

61332458.1                                    - 6 -

the Trustee "cut bait," this Court ***must*** grant relief in some fashion. To refuse relief is to permit the Trustee to "do nothing to realize on it, yet forever prevent the bankrupt from doing so," which is simply not permitted under the Bankruptcy Code. *See generally, In re Christian*, 2012 Bankr. LEXIS 4769 (Bankr. D. Idaho Oct. 10, 2012) (court ordered abandonment of claim to debtor where trustee decided prosecution of the claim would be unduly burdensome).

## VI.

### BECAUSE THE COURT MUST GRANT RELIEF, PROSECUTION ON BEHALF OF THE ESTATES IS PREFERABLE TO ABANDONMENT

Because the Court must grant relief, the only question is whether the Debtors should be authorized to prosecute the Fraud Claims on behalf of the estates, or whether the Fraud Claims should be abandoned and brought for the sole benefit of the Debtors.

A ruling that the Debtors cannot prosecute the Fraud Claims on behalf of the estates inevitably means the Fraud Claims will be prosecuted solely on behalf of the Debtors. If the Court does not order abandonment now, the Fraud Claims will be abandoned when the cases are closed. Such a result makes little sense. If the Fraud Claims are going to be prosecuted sooner or later by the Debtors, there is no good reason the estates should not benefit from any successful prosecution.

Furthermore, prosecution on behalf of the estates is preferable to abandonment because of the benefits of section 108(a) of the Bankruptcy Code. The Orders for Relief in these cases were entered on December 22, 2014, so the statute of limitations for actions brought by the trustee was extended by section 108(a) of the Bankruptcy Code to December 22, 2016. To preserve the benefits of section 108(a), the Debtors filed the complaint prior to that deadline. If the Court orders abandonment as opposed to prosecution on behalf of the estates, the statute of limitations for certain claims may become an issue.

Under the circumstances, the Court must grant relief and should exercise its discretion to permit the Debtors to prosecute the Fraud Claims on behalf of the estates as opposed to solely on

behalf of the Debtors.[3]

DATED: May 26, 2017

ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, Nevada 89503
Telephone: (775) 329-3151

and

ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 55200130

By: /s/ Frank C. Gilmore
    Frank C. Gilmore, Esq. (SBN 10052)
    David B. Shemano, Esq. (admitted *pro hac vice*)

Attorneys for Paul A. Morabito and Consolidated Nevada Corporation

---

[3] While the Court initially concluded that the Fraud Claims are not colorable because of insufficient evidence of a probable benefit to the estate, whether the claim is colorable is only one of several factors to be considered. This Court has the discretion to authorize prosecution on behalf of the estates even if the Court has concerns whether there will ultimately be a benefit to the estate, especially where, as here, the estates will incur no costs, bear no risks, and the Fraud Claims will be abandoned if not prosecuted on behalf of the estates.

61332458.1                                - 8 -

# CERTIFICATE OF SERVICE

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of Robison, Belaustegui, Sharp & Low, that I am over the age of 18 and not a party to the above-referenced case, and that on the date below I caused to be served a true copy of the **SUPPLEMENTAL BRIEF REGARDING MOTION TO PROSECUTE CLAIMS ON BEHALF OF THE ESTATE OR, IN THE ALTERNATIVE, COMPEL ABANDONMENT OF CLAIMS ABANDONMENT OF CLAIMS** on all parties to this action by the method(s) indicated below:

__X__    I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which served the following parties electronically:

Gabrielle A. Hamm
bknotices@gordonsilver.com;
bankruptcynotices@gordonsilver.com
Brian R. Irvine
birvine@gordonsilver.com,
sglantz@gordonsilver.com

*Attorney for* Creditor Berry-Hinckley Industries,
Creditor JH, Inc., Creditor Jerry Herbst

Gerald M. Gordon
ggordon@gtg.legal
Teresa M. Pilatowicz
tpilatowicz@gtg.legal
Mark M. Weisenmiller
mweisenmiller@gtg.legal

*Attorney for* Creditor Berry-Hinckley Industries,
Creditor JH, Inc., Creditor Jerry Herbst

Jeffrey L. Hartman
notices@bankrutpcyreno.com,
sji@bankruptcy.com

**U.S. TRUSTEE - RN – 11**
USTPRegion17.RE.ECF@usdoj.gov
*U.S. Trustee*

_____ by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

DATED:  This 26th day of May, 2017.

/s/ Mary Carroll Davis
Employee of Robison, Belaustegui, Sharp & Low

**Error! Unknown document property name.**